**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**IMMAR OTONIEL RIVERA HERNANDEZ,**

Petitioner,

v. Civil Action No. **3:26CV1165 (RCY)**

**NEY HIDALGO, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

Immar Otoniel Rivera Hernandez ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act. *See* ECF No. 1, at 6.[1] Respondents filed a Notice. ECF No. 6. Petitioner has not filed a response. For the reasons set forth below, the § 2241 Petition will be DISMISSED because, at this juncture, it is not ripe for judicial disposition.

**I. PROCEDURAL HISTORY**

On October 8, 2026, Petitioner filed his § 2241 Petition in this Court. ECF No. 1. It appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026). Accordingly, the Court issued a Memorandum Order directing Respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

§ 2241 Petition did not differ in any material fashion from those presented in *Lopez Garcia*, or an explanation why material factual or legal differences did exist. *Id.* at 1. The Court further explained that if Respondents filed a Notice that there are no material differences between this § 2241 Petition and *Lopez Garcia*, this Court would issue a ruling without further filings from the parties. *Id.*

On October 28, 2026, Respondents filed a Notice indicating "that at Petitioner's request, a bond hearing was scheduled for—and convened on—October 6, 2026," and "[a]t that hearing Petitioner orally withdrew his request for a bond hearing." ECF No. 6, at 1–2 (citation omitted). According to Respondents, Petitioner has not requested a subsequent bond hearing. *Id.* at 2 (citation omitted).

Based on Respondents' representations,[2] it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways.

[2] It appears from the record that the matter is not ripe, and the Court will dismiss the matter pursuant to its screening obligations. *See* Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts ("Rules Governing § 2254 Cases") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

Petitioner argues that he is entitled to a bond hearing. ECF No. 1, at 6. Respondents assert that Petitioner withdrew his request for a bond hearing at the time his bond hearing was scheduled on October 6, 2026, and has not asked for it to be rescheduled. ECF No. 6, at 1–2. As discussed

below, because Petitioner has no request for a bond hearing pending and has not been denied a bond hearing by an Immigration Judge, his § 2241 Petition is not ripe. *Id.*

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Ohio Forestry Ass'n Inc. v. Sierra Club*, 523 U.S. 726, 732–34 (1998). The United States Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." *S.C. Citizens for Life, Inc.*, 301 F. App'x at 220 (alteration in original) (quoting *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)).

To determine whether a claim is ripe for judicial disposition, "a court must evaluate (i) 'the fitness of the issues for judicial decision' and (ii) 'the hardship to the parties of withholding court consideration.'" *Id.* at 221 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998)

(internal quotation marks omitted) (citation omitted); *see Miller*, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." (citation omitted)).

Petitioner's claim that he has been denied an individualized bond hearing, (ECF No. 1, at 6), is not ripe because, at best, it rests upon a future contingency. Nothing in the record reflects that Petitioner has filed a motion requesting a bond hearing (which was not subsequently withdrawn) and has been denied a bond hearing by an Immigration Judge. Petitioner is entitled to ask the *Immigration Court* for a bond hearing from an Immigration Judge where he can argue that he should not be subject to detention. Petitioner's claim is not ripe for adjudication because "it rests upon contingent future events that may not occur . . . ." *Texas*, 523 at 300 (internal quotation marks omitted) (citations omitted). Petitioner can only seek the relief he desires if he files a request for a bond hearing from the Immigration Court. Accordingly, the Court lacks Article III jurisdiction to consider the § 2241 Petition on the merits at this juncture.

## V. CONCLUSION

The § 2241 Petition (ECF No. 1) will be DISMISSED for lack of jurisdiction.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 23, 2026
Richmond, Virginia